(50 Misc. Rep. 479.)

JACKSON v. SEEBER, Town Clerk, et al.

(Supreme Court, Special Term, Jefferson County. May, 1906.)

INTOXICATING LIQUORS—PETITION FOR ELECTION—CERTIFICATION.

Under Liquor Tax Law, Laws 1896, p. 57, c. 112, § 16, authorizing a petition for a local option election, and requiring that it shall be signed and acknowledged before a notary public, or other officer authorized to take acknowledgments or administer oaths, a petition certified by a justice, which certificate only states that "the above-named persons" appeared before him and signed the petition in his presence, is not a compliance with the statute.

[Ed. Note.—For cases in point, see vol. 29, Cent. Dig. Intoxicating Liquors, § 38.]

Action by Thomas Jackson against Frank Seeber, town clerk, and others. Motion to vacate a temporary injunction restraining defendants from acting officially in any way under a petition of electors of the town of Brownville on the question of granting licenses. Denied.

Thomas Burns and Charles A. Phelps, for the motion.
Isaac R. Breen, opposed.

ROGERS, J. The petition herein was attempted to be made under section 16 of the liquor tax law (Laws 1896, p. 57, c. 112). This statute requires that the petition shall be "signed and acknowledged before a notary public or other officer, authorized to take acknowledgments or administer oaths." The signatures to the petition are followed by what purports to be the official certificate of a justice of the peace and is signed by him, of which (omitting the venue) the following is a copy:

"On this 6th day of October, 1905 personally appeared before me the above-named persons electors in the town of Brownville and signed the above petition in my presence."

It will be observed that no names are recited in the certificate— merely the fact that the "above-named persons" appeared before the justice and signed the petition in his presence—nor does it state that the persons so signing were known to him, a thing, at least, usual in acknowledgments. The word "acknowledged," one of the two essential words "signed and acknowledged," is wanting. The proceeding being statutory and an acknowledgment one of the essential requirements, how can it be said the statute is complied with, unless it, or some equivalent word, be employed; and, if the word "acknowl-

edged" may be omitted without affecting the validity of the certificate, why not, as well, the word "signed," and, if this may be done as to one, why not as to both? If this is permissible, it is difficult to see where the process of elimination must end so that the acknowledgment shall remain valid.

Upon the argument, I understand counsel for the motion to admit that the acknowledgment in question would not be sufficient on a conveyance of real property to entitle it to be recorded. The usual and accepted form of a certificate to such conveyance in this state is, in substance, that the person executing the instrument (naming him) personally appeared before me, and was known to the officer, and he acknowledged that he executed the same. The statutory construction law (Laws 1892, p. 1488, c. 677, § 15) provides that when the execution of any instrument or writing is authorized or required by law to be acknowledged, so as to entitle it to be filed or recorded in a public office, the acknowledgment may be taken before any officer authorized to take the acknowledgment or proof of the execution of a deed of real property, to entitle it to be recorded in a county clerk's office, and that it shall be made and certified in the same manner as such acknowledgment or proof of such deed. The petition in question to be effective was required to be filed in the office of the town clerk of the town, and a certified copy filed in the office of the county clerk. It is clearly an instrument required to be filed in a "public office."

I conclude, therefore, that the certificate is fatally defective, and that the motion to vacate the injunction should be denied.

While the petition is of doubtful regularity, I do not assume to pass upon the question of its validity.

Motion to vacate the injunction denied, with costs.